# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIS, | Case No. 1:19-cv-00761-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS TIME BARRED |
| v. | |
| UNITED STATES OF AMERICA, | (ECF Nos. 1, 4) |
| Defendant. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Kentrell Willis ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq*. Plaintiff seeks monetary damages from the United States of America for alleged sexual assault and negligence arising out of events at the United States Penitentiary, Atwater. (ECF No. 1.)

**I.     The Federal Tort Claims Act**

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency within two years of the act or injury. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deemed denied, may a claimant file an action in federal court. Id.; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their

1

administrative remedies."). If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b).

Significantly, exhaustion of administrative remedies cannot be waived. Brady v. United States, 211 F.3d 499, 503 (9th Cir. 2000) see also Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) ("the exhaustion requirement . . . must be interpreted strictly."). However, the statute of limitations is subject to equitable tolling in certain circumstances. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015) (FTCA's time bars are nonjurisdictional and subject to equitable tolling.").

**II.     Discussion**

In his complaint, Plaintiff alleges that he submitted an administrative claim to the United States Department of Justice, Federal Bureau of Prisons, Western Regional Office on June 12, 2018, and received notification on September 13, 2018, indicating that his claim under the FTCA was denied. (ECF No. 1 at 2.) Plaintiff also alleges that he submitted a second administrative claim to the United States Department of Justice, Federal Bureau of Prisons, Western Regional Office on August 4, 2018, and received notification that his claim was denied on August 9, 2018. (Id.) Based on these allegations, an action needed to be initiated with a district court on Plaintiff's second claim no later than February 9, 2019, and no later than March 13, 2019, on his first claim. Plaintiff did not file the complaint in this action until May 28, 2019, well after expiration of the 6-month filing deadline for either claim. (ECF No. 1.)

The Supreme Court of the United States determined that a statute of limitations is subject to tolling on equitable grounds. Wong, 135 S. Ct. at 1632. However, the equitable tolling doctrine is "to be applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). A party seeking equitable tolling "bears a heavy burden to show that she is entitled to equitable tolling, 'lest the exceptions swallow the rule[.]'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2014) (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010)).

The Supreme Court determined "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755 (2016) (citation omitted). The first element "covers those affairs within the litigant's control," and prevents tolling "when a litigant was responsible for [his] *own* delay." Id. at 756. Thus, the Court must determine "whether the plaintiff was 'without any fault' in pursuing his claim." Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013), aff'd Wong, 135 S. Ct. at 1630. The second element requires the party to show "some extraordinary circumstance stood in [his] way and prevented timely filing" of the action. Menominee Indian Tribe, 136 S. Ct. at 755 (citation omitted).

In his complaint, Plaintiff does not address the fact that this action was filed after the six-month deadline, nor does he include any allegations regarding his efforts to pursue his rights prior to filing the complaint. However, the Court acknowledges that at the same time he filed this action, Plaintiff filed a motion for an extension of time to file his complaint. (ECF No. 4.) Plaintiff requests that his untimely filing of this action be excused because he was transferred from the United States Penitentiary, Atwater to the United States Penitentiary, Victorville on October 16, 2018, where he remained until at least November 2, 2018. (Id. at 2.) Thereafter, he was transferred to United States Penitentiary, Lewisburg, arriving there on November 5, 2018. (Id.)

Upon Plaintiff's arrival at United State Penitentiary, Lewisburg, he began requesting his personal legal materials so that he could obtain informational documents containing dates, times, names, medical records, reports and receipts from the administrative claims. Plaintiff continued to request his legal materials in November 2018, and throughout January, February and March 2019. (Id. at 2-7.) Plaintiff claims that without access to his legal materials, it was both impossible to meet the filing deadlines or to request an extension of time. (Id. at 8.) Attached to Plaintiff's papers is a memorandum, purportedly from B. Shade, Case Manager at the United States Penitentiary, Lewisburg, dated April 23, 2019. The letter indicates that "[d]ue to significant inmate movement, USP Lewisburg is experiencing delays in receiving inmate property from other institutions and securing, inspecting and issuing it to incoming inmates." (Id. at 10.) The memorandum further states that Plaintiff received his legal property on April 10, 2019, and

that "[t]his delay may has caused issues with him meeting a legal deadline." (Id.)  Additionally, the memorandum contains contact information for Case Manager Shade if needed to "confirm the delay in receiving [ ] legal property." (Id.)

The Court has considered Plaintiff's complaint and accompanying papers.  However, on the facts presented, the Court finds, as other courts have concluded in the past when confronted with similar equitable tolling claims, that Plaintiff's ultimate transfer to United States Penitentiary, Lewisburg, did not constitute a circumstance where Plaintiff in some extraordinary way was prevented from asserting his rights, warranting equitable tolling of the statute of limitations. See, e.g., Cruz v. United States, 522 Fed. App'x 635, 638 (11th Cir. 2013) (finding no equitable tolling where prisoner generally alleged that he could not meet the two-year filing deadline because he was transferred between prisons, did not immediately have access to the video of his shooting, and originally obtained bad legal advice from a fellow inmate; court concluded that all of these circumstances were within prisoner's control or reasonably avoidable with due diligence); Galindo v. U.S. Dep't of Justice, 153 Fed. App'x 333, 334 (5th Cir. 2005) (concluding equitable tolling did not apply where prisoner admitted he was aware of the limitations period and could have, but did not, file a pro se complaint to preserve his claims and dismissing prisoner's FTCA claim); Reyes v. United States, No. 3:13-CV-974, 2014 WL 2094337, at *5 (M.D. Pa. May 20, 2014).

Plaintiff admits that he began drafting his complaint after receiving his claim denials in August and early September 2018, and before his initial transfer away from the United States Penitentiary, Atwater in October 2018.  Plaintiff does not explain why he was unable to complete his draft prior to transfer.  It is clear from the face of the complaint that the notices regarding the disposition of Plaintiff's administrative tort claims were sent to him at his place of confinement and that he was aware of the need to act within six months of the denial of his claims.  Plaintiff's transfer did not impede his receipt of the notice and the duty to file a complaint.  In short, Plaintiff's ability to assert his rights were within his control or otherwise reasonably avoidable with his diligence.

Further, Plaintiff's assertion that he could not file a complaint after his transfer without the

4

benefit of his legal papers is unpersuasive. Plaintiff does not adequately explain why or how he was unable to remember the factual allegations supporting his complaint, i.e., what happened, when it happened, and who was involved, without his legal materials. There also is nothing before the Court to demonstrate that Plaintiff was impeded by prison officials from filing a *pro se* complaint encompassing his claims or was somehow prevented from seeking relief before the statutory deadline. As indicated in Plaintiff's papers and his complaint, he was well aware of the six-month deadline to assert his rights. Based on the facts presented, the Court finds that equitable tolling of the statute of limitations is inappropriate here and this action is now time-barred.

### III. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed as time barred under the Federal Tort Claims Act.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 6, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE