# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:19-cv-00761-NONE-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRISON TRANSFER<br><br>(ECF No. 32)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Kentrell Willis ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401 *et seq.* Plaintiff seeks monetary damages from the United States of America for alleged sexual assault and negligence arising out of events at the United States Penitentiary, Atwater.

Currently before the Court is Plaintiff's October 18, 2021 motion requesting a transfer to a safer prison. (ECF No. 32.) Plaintiff is currently housed at U.S. Penitentiary Lee in Jonesville, Virginia, and alleges that he is being retaliated against for filing this civil suit. Plaintiff was just placed in the Special Housing Unit for use of drugs and possession of drugs. Plaintiff alleges that he was threatened by Officer B. Woodard, stating "You'll die before you win against us!.." (*Id.* at 1.) Plaintiff states the enclosed incident report is fabricated, and if nothing is done by the courts he is afraid he will lose his life at the hands of officers or through officers paying other prisoners to harm him. Plaintiff further states that his psychology records have reached the hands of prisoners in the general population in an attempt to discredit him and have his life placed in

immediate danger. Plaintiff asks for the courts to intervene and have him removed from this prison and placed in a safer prison. (*Id.*) The Court construes the request as a motion for preliminary injunction.

Defendant has not yet had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

## II. Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

In his motion, Plaintiff is requesting that the Court interfere with the Bureau of Prison's prison administration in determining the housing of a prisoner. Such relief cannot be granted. Although the Court understands that Plaintiff is alleging serious and concerning allegations regarding possible retaliation from staff at his current institution, he does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Court does not intercede in the security issue presented by placement of inmates in particular housing.

To the extent Plaintiff is attempting to challenge the validity of the attached incident report regarding use and possession of drugs or alcohol, Plaintiff is informed that this lawsuit is not the proper vehicle for such a challenge.

### III.     Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a transfer, (ECF No. 32), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 22, 2021**              /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE