# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No.  1:19-cv-00761-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL<br><br>(ECF No. 44) |

Plaintiff Kentrell Willis ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2401 *et seq.* Plaintiff seeks monetary damages from the United States of America for alleged sexual assault and negligence arising out of events which allegedly took place at the United States Penitentiary, Atwater.

Currently before the Court is Plaintiff's second motion to appoint counsel, filed December 13, 2021.  (ECF No. 44.)  In his motion, Plaintiff states that he is unable to afford counsel, and his imprisonment will greatly limit his ability to litigate.  Plaintiff states that the issues involved in this case are complex and will require significant research and investigation. Plaintiff has limited access to the law library and limited knowledge of the law.  Plaintiff further argues that a trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses.  Plaintiff therefore requests that the Court appoint counsel to assist Plaintiff with the complexity of litigation.  (*Id.*)

Defendant has not had an opportunity to respond to the motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

1

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff is proceeding on a cognizable claim, this alone does not indicate a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's second motion to appoint counsel, (ECF No. 44), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __December 14, 2021__        /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

2