# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIS, | Case No. 1:19-cv-00761-NONE-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| UNITED STATES OF AMERICA, | (ECF No. 51) |
| Defendant. | |

**I.    Background**

Plaintiff Kentrell Willis ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401 *et seq.* Plaintiff seeks monetary damages from the United States of America for alleged sexual assault and negligence arising out of events at the United States Penitentiary, Atwater. All parties have consented to Magistrate Judge jurisdiction.

On October 18, 2021, Plaintiff filed a motion requesting a transfer to a safer prison. (ECF No. 32.) The Court construed the request as a motion for preliminary injunction, and issued findings and recommendations to the then-assigned District Judge in this action recommending that the motion be denied. (ECF No. 34.) The findings and recommendations were adopted in full on December 8, 2021. (ECF No. 42.)

///

## II. Second Motion for Preliminary Injunction

Currently before the Court is Plaintiff's second motion for preliminary injunction, filed February 28, 2022. (ECF No. 51.) In the motion, Plaintiff alleges that on February 19, 2022, he was attacked by three prisoners inside of his cell and stabbed fourteen times, sending him to an outside local hospital. During the attack, the attackers were saying "You filed a lawsuit in Atwater and the case is on the computer, you rat bitch!" Plaintiff states that he filed a motion for a preliminary injunction in October asking to be removed to a safer environment due to being threatened by staff at his current institution and his psychology records finding their way to this compound, and now this attack happens to him. Plaintiff contends that his life is in grave danger, and he requests that the Court intervene and order that he be placed in a lesser security prison and that he be placed in a prison closer to his home. (*Id.*)

Defendant filed an opposition to the motion on March 14, 2022. (ECF No. 55.) Defendant contends that: (1) Plaintiff's motion does not comply with Local Rule 231(d); (2) the Court lacks jurisdiction over the matters in Plaintiff's motion; (3) Plaintiff's request for injunctive relief is not narrowly tailored and would improperly require the Court to intervene in prison administration; and (4) Plaintiff has not proven entitlement to a preliminary injunction on the merits. (*Id.*)

Plaintiff did not file a reply, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

### A. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

///

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**B.    Discussion**

As in his previous motion for preliminary injunction, Plaintiff is requesting that the Court interfere with the Bureau of Prison's prison administration in determining the housing of a prisoner. Such relief cannot be granted. Although the Court understands that Plaintiff is alleging serious and concerning allegations regarding possible retaliation from staff at his current institution, he does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security issue presented by placement of inmates in particular housing.

To the extent Plaintiff is seeking relief for new violations of his constitutional rights unrelated to the original claims in this action, the current case is not the correct forum for any such potential claims.

///

**III.     Order**

For the foregoing reasons, Plaintiff's second motion for preliminary injunction, (ECF No. 51), is DENIED.

IT IS SO ORDERED.

Dated:     **April 19, 2022**                    /s/ *Barbara A. McAuliffe*       _
                                            UNITED STATES MAGISTRATE JUDGE