# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:19-cv-00761-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S DECLARATION AS A MOTION TO COMPEL AND DIRECTING CLERK OF COURT TO UPDATE DOCKET ENTRY<br>(ECF No. 63)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL, AND DIRECTING THE PARTIES TO MEET AND CONFER<br>(ECF Nos. 59, 63) |

    Plaintiff Kentrell Willis ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, *et seq.* Plaintiff seeks monetary damages from the United States of America for alleged sexual assault and negligence arising out of events at the United States Penitentiary, Atwater. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 49.)

    On February 28, 2022, Defendant filed a motion for summary judgment on all claims against it due to failure to exhaust administrative remedies and/or untimeliness. (ECF No. 50.) Plaintiff has not yet filed an opposition, and has since filed various motions to compel discovery, to postpone consideration of the motion for summary judgment, and to stay proceedings. (ECF Nos. 57, 59, 62.) In response to the Court's April 14, 2022 order, Defendant filed a response to the motion to postpone consideration of the summary judgment order, but have not yet filed responses to the motion to compel or the motion to stay.

    On May 10, 2022, Plaintiff filed a document that was docketed as a declaration. (ECF No. 63.) Upon review of the filing, the Court construes the declaration as another motion to

compel discovery.

Under this Court's discovery and scheduling order, the parties are relieved of the requirement in Federal Rules of Civil Procedure 26 and 37, and Local Rule 251, to attempt to confer in good faith to resolve a discovery dispute prior to filing any motion to compel. Voluntary compliance is encouraged, but not required. The Court's order further provides that the meet and confer requirement may be reimposed in any case that the Court deems it appropriate. (ECF No. 41, p. 2.)

Upon review of the motions to compel referenced above, the Court finds it appropriate to require the parties to engage in a meet and confer conference regarding their discovery dispute. Defense counsel is directed to contact Plaintiff by telephone or videoconference, or to set-up an in-person meeting, regarding the parties' discovery dispute within **twenty-one (21) days** of the date of this order. Briefing on the motions to compel is stayed during the meet and confer process, and the opposing party is relieved of their obligation to respond to the motions until further order of the Court.

In conducting the meet and confer conference, the parties are reminded that they are required to act in good faith during the course of discovery. Complete, accurate, and truthful discovery responses are required. False or incomplete responses violate the Federal Rules of Civil Procedure and subject an offending party and/or counsel to sanctions. Boilerplate objections will not be tolerated and will be summarily overruled. Privileges are narrowly construed and are generally disfavored. Information not properly disclosed may be excluded from use at a hearing, motion, or trial.

Within **seven (7) days** of the parties' conference, defense counsel shall file a Joint Statement regarding the meet and confer conference. All parties shall participate in the preparation of the Joint Statement, and must sign the Joint Statement. Electronic signatures are acceptable; a wet signature is not required.

The Joint Statement shall set forth the following:

(a) a statement that the parties met and conferred in good faith regarding the dispute, by phone, videoconference, or in-person, including the date(s) of the conference(s);

(b) a statement explaining whether the motions to compel were resolved in full or in part through the meet and confer process; and

(c) if any issues from the motions remain unresolved, a statement referring the court to each specific discovery request that is still at issue.

Upon review of the Joint Statement, the Court shall issue a further order regarding the motions to compel.  No additional filings may be made regarding the motions to compel unless and until ordered by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket entry for Plaintiff's May 10, 2022 declaration, (ECF No. 63), to convert the filing to a "Motion to Compel;"
2. Within **twenty-one (21) days** of the date of service of this order, the parties are ordered to meet and confer regarding Plaintiff's pending motions to compel, (ECF Nos. 59, 63), as outlined above;
3. Defendant is relieved of the obligation to respond to the motions to compel until further order of the Court;
4. Within **seven (7) days** of the date of the parties' conference, a Joint Statement shall be filed in this matter as outlined above; and
5. **The parties are warned that the failure to meet and confer in good faith as set forth in this order, or to comply with any of its terms, will result in the imposition of sanctions, which may include dismissal of the action**.

IT IS SO ORDERED.

Dated:   **May 11, 2022**              /s/ *Barbara A. McAuliffe*              
                                       UNITED STATES MAGISTRATE JUDGE

3