# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIS,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No.  1:19-cv-00761-BAM (PC)<br><br>ORDER REGARDING PARTIES' JOINT STATEMENT REGARDING DISCOVERY DISPUTE<br><br>(ECF No. 65)<br><br>**Joint Status Report Due: June 17, 2022** |

Plaintiff Kentrell Willis ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, *et seq.*  Plaintiff seeks monetary damages from the United States of America for alleged sexual assault and negligence arising out of events at the United States Penitentiary, Atwater.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 49.)

**I.      Procedural History**

On February 28, 2022, Defendant filed a motion for summary judgment on all claims against it due to failure to exhaust administrative remedies and/or untimeliness.  (ECF No. 50.)  Plaintiff did not file an opposition, and instead filed various motions to compel discovery, to postpone consideration of the motion for summary judgment, and to stay proceedings.  (ECF Nos. 57, 59, 62.)  In response to the Court's April 14, 2022 order, Defendant filed a response to the motion to postpone consideration of the summary judgment order, but did not file responses to

1 the motion to compel or the motion to stay.

2 On May 10, 2022, Plaintiff filed a document that was docketed as a declaration. (ECF
3 No. 63.) The Court construed the declaration as another motion to compel discovery and issued
4 an order directing the parties to meet and confer regarding the discovery disputes, and to file a
5 joint statement following the parties' conference. The Court further stayed briefing on Plaintiff's
6 motions to compel. (ECF No. 64.)

7 **II.    Joint Statement**

8 Currently before the Court is the parties' Joint Statement Regarding Discovery Dispute,
9 filed June 3, 2022. (ECF No. 65.) The parties indicate that there were four issues raised in
10 Plaintiff's filings, which are now resolved subject to the representations of the United States
11 provided therein. Because resolution of two of the issues will involve additional searches for
12 documents, the parties state that the United States will file a statement with the Court on or before
13 June 17, 2022, providing an update on any productions that have been made, the results of its
14 further search efforts, and any remaining issues. Specifically, the United States will conduct
15 further searches for emails from Warden Colbert to Mr. Dressler from December 2018 through
16 February 2019 regarding Plaintiff, and documents relating to Central Office appeal 973091-A2
17 with a memorandum from Mr. Dressler attached, and will produce any documents that can be
18 located. Plaintiff has located the February 14, 2019 denial of the January 2019 tort claim,
19 resolving that issue. Finally, defense counsel has agreed to only serve court papers directly on
20 Plaintiff, rather than through Plaintiff's case manager, per Plaintiff's request. (*Id.*)

21 In a handwritten note above his signature, Plaintiff added "Request That The Defendants
22 Summary Judgment Be Denied For Refusing To Disclose Discovery That Is In Their Control…"
23 (*Id.* at 6.) Defendant argues that the request is unwarranted because the discovery that Plaintiff
24 requests relates to conversations he allegedly had with prison officials in December 2018
25 regarding the need for legal documents, and Defendant has presumed that these conversations
26 occurred solely for purposes of its motion for summary judgment. Further, Defendant contends
27 that if Plaintiff believes he still requires information, he should specifically explain why pursuant
28 to Rule 56(d). (*Id.* at 3.)

### III. Discussion

In light of the parties' joint statement and the further searches for documents to be conducted by Defendant, the Court finds it appropriate to maintain Plaintiff's various motions to compel on the docket, and briefing on the motions will remain stayed. The Court further concurs that it will be beneficial to receive a further **joint** status report from the parties providing an update on any additional productions that have been made, the results of Defendant's further search efforts, and any remaining discovery issues that remain unresolved between the parties. **All parties must sign the Joint Statement. Electronic signatures are acceptable; a wet signature is not required.**

To the extent Plaintiff, by way of his handwritten note, requests that the Court deny Defendant's motion for summary judgment as a form of sanction related to the pending discovery dispute, the request is denied. Once the discovery dispute is resolved, Plaintiff will have an opportunity to file an opposition to Defendant's summary judgment motion, or explain pursuant to Federal Rule of Civil Procedure 56(d) why he is unable to do so.

### IV. Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Briefing on Plaintiff's motions to compel remains stayed until further order of the Court; and
2. On or before **June 17, 2022**, the parties shall file a further **joint** status report, as discussed above.

IT IS SO ORDERED.

Dated:   **June 6, 2022**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE