UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTRELL WILLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. 1:19-cv-00761-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXTEND DISPOSITIVE MOTION DEADLINES<br><br>(ECF No. 75)<br><br>ORDER VACATING DISPOSITIVE MOTION DEADLINE |

**I.    Procedural Background**

Plaintiff Kentrell Willis ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, *et seq.* Plaintiff seeks monetary damages from the United States of America ("Defendant") for alleged sexual assault and negligence arising out of events at the United States Penitentiary, Atwater. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 49.)

On February 28, 2022, Defendant filed a motion for summary judgment on all claims against it due to failure to exhaust administrative remedies and/or untimeliness. (ECF No. 50.) Following resolution of the parties' discovery dispute, (ECF No. 72), Plaintiff timely filed an opposition on August 31, 2022, (ECF No. 73), and Defendant filed a reply on September 14, 2022, (ECF No. 74). The motion is fully briefed.

///

Pursuant to the Court's November 29, 2021 discovery and scheduling order, the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is October 11, 2022.  (ECF No. 41.)

On September 16, 2022, Defendant filed a motion to extend dispositive motion deadlines, which the Court construes as a motion to modify the Court's discovery and scheduling order.  (ECF No. 75.)  Although Plaintiff has not yet had an opportunity to respond to the motion, the Court finds a response unnecessary, and the motion is deemed submitted.  Local Rule 230(l).

## II.     Motion to Modify Discovery and Scheduling Order

Defendant requests that the Court extend the deadline for Defendant to file any further dispositive motions until 30 days after the Court has adjudicated the pending summary judgment motion.  (ECF No. 75.)  The delay of the briefing schedule due to the parties' discovery dispute will, under the current schedule, likely force Defendant to decide whether to move for summary judgment on some or all of Plaintiff's claims without knowing what claims, if any, will survive the pending summary judgment motion.  Defendant contends that good cause exists for the extension because it is consistent with the original intent of the case schedule, avoiding potential unnecessary expenditure of resources, and allow Defendant to file a targeted motion at some or all of the claims that remain.  Further, the requested extension will not unduly delay this case or prejudice either party, as the Court has not set any deadlines beyond the original dispositive motion deadline of October 11, 2022.  (*Id.*)

In light of the pending motion for summary judgment, and the possibility that the motion may resolve some or all of Plaintiff's claims, the Court finds good cause to grant Defendant's motion.  The Court will vacate the current dispositive motion deadline, to be reset as necessary following resolution of the pending motion for summary judgment.

## III.    Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to extend dispositive motion deadlines, (ECF No. 75), is GRANTED;
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is VACATED; and

3. As necessary and appropriate, the Court will reset the dispositive motion deadline following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated:   **September 20, 2022**          /s/ *Barbara A. McAuliffe*          _
                                        UNITED STATES MAGISTRATE JUDGE

3